# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01816-COA

**MICHAEL MATTHEWS A/K/A MICKEY MATTHEWS A/K/A MICKIE MATTHEWS**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/19/2014 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, ARMED ROBBERY, AND SENTENCED AS A HABITUAL OFFENDER TO THIRTY-FOUR YEARS; COUNT II, AGGRAVATED ASSAULT, AND SENTENCED AS A HABITUAL OFFENDER TO TWENTY YEARS; AND COUNT III, BURGLARY OF A DWELLING, AND SENTENCED AS A HABITUAL OFFENDER TO TWENTY-FIVE YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. A Coahoma County jury convicted Michael Matthews of one count of armed robbery, one count of aggravated assault, and one count of burglary of a dwelling. The circuit court sentenced him, as a habitual offender,[1] to: (1) thirty-four years for the armed robbery, (2) twenty years for the aggravated assault, and (3) twenty-five years for the burglary, with the sentences to run consecutively, all in the custody of the Mississippi Department of Corrections (MDOC). Subsequently, the circuit court denied Matthews's motion for a judgment notwithstanding the verdict or a new trial. Matthews appeals. His appellate counsel has filed a *Lindsey*[2] brief, asserting that she has diligently searched the record and cannot find any arguable issues for appellate review. After an independent review of the record, we agree with Matthews's appellate counsel. Therefore, we affirm.

**FACTS**

¶2. On May 12, 2012, Deputy Marcus Cohen, a member of the Coahoma County Sheriff's Department, responded to a 911 call from Sister Teresa Shield's home in Jonestown, Mississippi. Upon arriving, Deputy Cohen was directed to Sister Shield's bedroom by her roommate, Sister Marilyn Goolay. Sister Shield's throat had been cut. After looking around the house, Deputy Cohen noticed that the screen of a window on one side of the house had been removed. He also found a knife with blood on it in the kitchen sink. Captain Mario Magsby, another member of the Coahoma County Sheriff's Department, who was serving

---

[1] Matthews was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

[2] *Lindsey v. State,* 939 So. 2d 743 (Miss. 2005).

as a lieutenant at the time of the incident, also responded to the call. He observed a television stand in the living room without a television on it, an open drawer in the kitchen, which housed utensils and knives, and the same blood-stained knife previously observed by Deputy Cohen in the kitchen sink. In addition, Captain Magsby collected evidence from Sister Shield's bedroom, including jeans and other clothing lying on her floor.[3] Captain Magsby's investigation led him to a house on Cuyahoga Street in Jonestown, where officers had already taken Matthews into custody.

¶3. At trial, Captain Magsby testified that, as the deputies were bringing Matthews out, he immediately noticed blood on Matthews's pants[4] and a cut on Matthews's left pinky finger. Upon a search of the home on Cuyahoga Street, Captain Magsby seized a cell phone, a television, cash, and two purses, one belonging to Sister Shield and the other to Sister Goolay. Subsequently, Captain Magsby's investigation led him to Geoffrey Boyd, an individual who had purchased a television from Matthews. Captain Magsby testified that he had received information that the television Boyd purchased from Matthews was actually the television stolen from Sister Shield's home. Boyd later identified Matthews in a photographic lineup as the person who sold him the television. Boyd testified at trial that his friend John Sharp had called to see if he was interested in purchasing a television. Boyd also

---

[3] DNA testing confirmed that Matthews's blood was present on a pair of jeans recovered from Sister Shield's bedroom floor.

[4] It was determined, through DNA testing, that the blood found on Matthews's jeans was, in fact, Sister Shield's blood.

testified that he met with Sharp and Matthews and purchased a flat-screen television from Matthews, giving Matthews seventy dollars as payment.

¶4. Sharp testified to helping Matthews sell the television. He further testified that he had seen Matthews the night of the incident, and Matthews had asked him if he knew anyone who wanted to purchase a television. Sharp admitted to calling Boyd and confirmed that Matthews had sold the television to Boyd. Sharp also testified that at some point after the transaction, he and Matthews split up, and when he saw Matthews again, Matthews seemed paranoid and had money and a cell phone that he did not have before.

¶5. Sister Shield testified that she had been asleep prior to the incident and was awakened by someone jumping on her. She also testified that the person immediately cut her throat and stabbed her several times in her arm and chest. Sister Shield further testified that about $500 in cash, which was located in her drawer, and her cell phone had been taken. In addition, Sister Shield admitted that she never saw her attacker or heard his voice.

¶6. Following the close of evidence, the jury deliberated and found Matthews guilty on all three counts. Subsequently, he was sentenced as a habitual offender to a total of seventy-nine years in the custody of the MDOC. Matthews filed a motion for judgment notwithstanding the verdict, but it was denied. This appeal followed.

**DISCUSSION**

¶7. In *Lindsey*, the Mississippi Supreme Court set out the steps that an appellate counsel must take whenever she does not believe that her client has a meritorious appeal. The

*Lindsey* court set out the following requirements:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7). . . .

(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey,* 939 So. 2d at 748 (¶18) (internal citations omitted).

¶8.     Here, Matthews's appellate counsel filed a brief asserting that she had diligently searched both the procedural and factual history of this case and was unable to find any arguable issues for appellate review.   In her brief, she states that she considered and examined: (1) the reason for Matthews's arrest and the circumstances surrounding his arrest; (2) any possible violations of Matthews's right to counsel; (3) the entire trial transcript and record;  (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury

instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) whether the verdict was supported by the overwhelming weight of the evidence. Matthews's appellate counsel further states that she informed Matthews that she was not able to find any arguable issues and that she advised him of his right to file a pro se brief. Matthews was granted thirty days to file a pro se brief, yet he failed to do so.

¶9. After an independent review of the record, we are also unable to find any arguable issues for appellate review, thereby foregoing a need for supplemental briefing. As such, we affirm.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY-FOUR YEARS; COUNT II, AGGRAVATED ASSAULT, AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS; AND COUNT III, BURGLARY OF A DWELLING, AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**